1
2
3
4
5
6               UNITED STATES DISTRICT COURT
7            SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 8   UNITED STATES OF AMERICA, | Case No. 24-CR-0500-H |
| 9              Plaintiff, | FINAL ORDER OF CRIMINAL FORFEITURE |
| 10     v. | |
| 11   CARLOS HOPPER, | |
| 12            Defendant. | |
| 13 | |

14      WHEREAS in the Superseding Information the United States sought forfeiture
15 of all right, title, and interest in all firearms and ammunition of Defendant CARLOS
16 HOPPER ("Defendant"), pursuant to Title 18, United States Code, Section 924(d)(1)
17 and Title 28, United States Code, Section 2461(c) as all firearms and ammunition
18 used or intended to be used in any manner or part to commit or to facilitate the
19 commission of the offenses in violation of Title 18, United States Code, Sections
20 922(a)(1)(A), 923(a), and 924(a)(1)(D) as charged in Count 1 of the Superseding
21 Information; and pursuant to Title 21, United States Code, Sections 853(a)(1) and
22 853(a)(2), as properties constituting, and derived from, any proceeds, the defendant
23 obtained, directly or indirectly, as a result of the offense, and any and all property
24 used or intended to be used in any manner or part to commit and to facilitate the
25 commission of the offense, as charged in Count 2 of the Superseding Information, in
26 violation of Title 21, United States Code, Section 841(a)(1); and
27      WHEREAS, on or about January 16, 2025, Defendant pled guilty before
28 Magistrate Judge Jill L. Burkhardt to the offenses set forth in Counts 1 and 2 of the

Superseding Information, charging the defendant with Engaging in the Business of Dealing Firearms Without a License in violation of Title 18, United States Code, Sections 922(a)(1)(A), 923, and 924(a)(1)(D), and Distribution of Methamphetamine in violation of Title 21, United States Code, Section 841(a)(1), in Counts 1 and 2 of the Superseding Information and consented to the forfeiture allegations of the Superseding Information, and agreed pursuant to Title 21, United States Code, Sections 853(a)(1) and 853(a)(2), and Title 18, United States Code, Section 924(d)(1) and Title 28, United State Code Section 2461(c), to forfeit all firearms and ammunition seized in connection with this case including but not limited to the following:

     a) One (1) Polymer-80 Semi-Automatic (Privately Made Firearm) Pistol;

     b) One (1) .308 Caliber (Privately Made Firearm) Rifle;

     c) Forty (40) Rounds of .308 PMC Ammunition;

     d) Two (2) Small Capacity .308 Magazines;

     e) One (1) Black Rifle Bag; and

WHEREAS, on February 5, 2025, this Court accepted the guilty pleas of Defendant; and

WHEREAS, by virtue of the facts set forth in the plea agreement and forfeiture addendum, the United States has established the requisite nexus between the firearms and ammunition and the offenses; and,

WHEREAS, by virtue of said guilty pleas, the United States is now entitled to possession of the firearms and ammunition, pursuant to Title 21, United States Code, Sections 853(a)(1) and 853(a)(2), and Title 18, United States Code, Section 924(d)(1) and Title 28, United State Code Section 2461(c), and Rule 32.2(b) of the Federal Rules of Criminal Procedure; and,

WHEREAS, pursuant to Rule 32.2(b), the United States having requested the authority to take custody of the above-referenced firearms and ammunition which are hereby found forfeitable by the Court; and,

WHEREAS, the below referenced firearms and ammunition have been purchased in the Southern District of California by the Bureau of Alcohol, Tobacco and Explosives ("ATF") and are not subject to criminal forfeiture:

b) One (1) .308 Caliber (Privately Made Firearm) Rifle;

c) Forty (40) Rounds of .308 PMC Ammunition;

d) Two (2) Small Capacity .308 Magazines;

e) One (1) Black Rifle Bag; and

WHEREAS, the United States, having submitted the Order herein to the Defendant through his attorney of record, to review, and no objections having been received.

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. Based upon the guilty pleas of the Defendant, the United States is hereby authorized to take custody and control of the firearm and all right, title, and interest of Defendant CARLOS HOPPER in the Polymer-80 Semi-Automatic (Privately Made Firearm) Pistol, and such Pistol is hereby forfeited to the United States pursuant to Title 21, United States Code, Sections 853(a)(1) and 853(a)(2), and Title 18, United States Code, Section 924(d)(1), and Title 28, United State Code Section 2461(c), for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n).

2. The aforementioned forfeited firearm is to be held by the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") in its secure custody and control.

3. Pursuant to Rule 32.2(b) and (c), the United States is hereby authorized to begin proceedings consistent with any statutory requirements pertaining to ancillary hearings and rights of third parties. The Court shall conduct ancillary proceedings as the Court deems appropriate only upon the receipt of timely third-party petitions filed with the Court and served upon the United States. The Court may determine any petition without the need for further hearings upon the receipt of

- 3 -                                    24-CR-0500-H

1   the Government's response to any petition. The Court may enter an amended order
2   without further notice to the parties.

3        4.     Pursuant to the Attorney General's authority under Section 853(n)(1) of
4   Title 21, United States Code, Rule 32.2(b)(6), Fed. R. Crim. P., and Rule G(4) of the
5   Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions,
6   the United States forthwith shall publish for thirty (30) consecutive days on the
7   Government's forfeiture website, www.forfeiture.gov, notice of this Order, notice of
8   the United States' intent to dispose of the firearm in such manner as the Attorney
9   General may direct, and notice that any person, other than the Defendant, having or
10   claiming a legal interest in the above-listed forfeited property must file a petition with
11   the Court within thirty (30) days of the final publication of notice or of receipt of
12   actual notice, whichever is earlier.

13        5.     This notice shall state that the petition shall be for a hearing to
14   adjudicate the validity of the petitioner's alleged interest in the property, shall be
15   signed by the petitioner under penalty of perjury, and shall set forth the nature and
16   extent of the petitioner's right, title or interest in the forfeited property and any
17   additional facts supporting the petitioner's claim and the relief sought.

18        6.     The United States shall also, to the extent practicable, provide direct
19   written notice to any person known to have alleged an interest in the property that is
20   the subject of the Preliminary Order of Criminal Forfeiture, as a substitute for
21   published notice as to those persons so notified.

22        7.     Upon adjudication of all third-party interests, this Court will enter an
23   Amended Order of Forfeiture pursuant to Title 21, United States Code, Sections
24   853(a)(1) and  853(a)(2), and Title 18, United States Code, Section, 924(d)(1) and
25   Title 28, United State Code Section 2461(c), and 21 U.S.C. § 853(n) as to the
26   aforementioned asset, in which all interests will be addressed.

27        8.     This Court shall retain jurisdiction in the case for the purpose of
28   enforcing the order of forfeiture and collecting and enforcing the forfeiture; and

9.     Pursuant to Rule 32.2(b)(4), this Order of Forfeiture shall be made final as to the Defendant at the time of sentencing and is part of the sentence and included in the judgment.

10.    No ancillary proceedings or further forfeiture actions are required to the below firearms, ammunition, and accessory:

b) One (1) .308 Caliber (Privately Made Firearm) Rifle;

c) Forty (40) Rounds of .308 PMC Ammunition;

d) Two (2) Small Capacity .308 Magazines; and

e) One (1) Black Rifle Bag.

DATED: 6/9/2025

Honorable Marilyn L. Huff
United States District Court

- 5 -                                          24-CR-0500-H